[Civ. No. 2776.   Fourth Dist.   July 25, 1941.]

FRANK E. RYPKA, as Administrator, etc., Appellant, v. OSWALD GEORGE FIELD, Respondent.

John J. Beck for Appellant.

Delamere F. McCloskey and Russell D. Hardy for Respondent.

MUNDO, J., *pro tem.*—This action was brought by appellant to set aside certain deeds to property conveyed by the deceased, Edna E. Rypka, just prior to her death. The deceased owned the Flower Court Apartments as her separate property and a ranch in Baldwin Park, California, which had been acquired after her marriage to the appellant, and which appellant concedes was also her separate property. It stood of record in her name only, and in a divorce action brought by Edna E. Rypka against Frank E. Rypka the court found that there was no community property of the parties. On February 21, 1938, deceased conveyed the Baldwin Park property to Oswald George Field, respondent herein, and the deed thereto was personally recorded by the deceased on February 23, 1938. Respondent Field and the deceased had been on friendly terms for a number of years prior thereto and were engaged to be married, although the deceased was still married to appellant. The deceased secured an interlocutory judgment of divorce, uncontested, on January 26, 1938. On April 21, 1938, deceased conveyed the Flower Court Apartments to respondent Field. She died two days later. This deed was not recorded until two days after her death.

Respecting the deed to the Flower Court Apartments, it appears that the deceased was preparing to go to a hospital for an operation; that she asked respondent to drive her to a notary so she could execute a deed in his favor; that respondent drove her to the notary's office but did not go into the

office with deceased; that upon their return home, in the presence of nieces of deceased, she handed the deed to respondent and said: ''This is your property from now on.'' She also said to one of the nieces: ''From now on the rents will be collected by Mr. Field.'' Respondent stated he did not record the deed until April 23, 1938, because he was at the hospital attending the deceased. He paid the deceased no consideration for the property but at divers times he had given deceased sums of money and had paid out money on her behalf. He said he thought she conveyed the property to him because she was fond of him.

The testimony of other witnesses showed that appellant had not been living with deceased since the divorce was filed in December, 1937; that deceased lived with one of her nieces; that deceased complained of the treatment of her husband; that deceased did not want her husband to have any part of her property; and that she was of sound mind and not acting under the influence of any person.

After all the testimony had been introduced the court said that it did not feel that the respondent was entitled to any of the deceased's property, but that it was the court's duty to protect the interests of the other heirs. Whereupon, counsel for defendant and respondent Field stated in effect that the other heirs were not interested in the properties deeded to Field but that he would secure waivers from them, other than the appellant Rypka. The case was continued for thirty days for the purpose of allowing respondent to secure such waivers.

At the continued hearing respondent Field was called as a witness and offered as evidence waivers of all heirs with the exception of the husband of deceased, Frank E. Rypka, to their interests in the properties involved in this action. Appellant Rypka objected to their introduction. The objection was overruled and thereafter the court denied appellant's counsel the opportunity to cross-examine respondent regarding said waivers. Judgment was given in favor of respondent Field.

The first question upon this appeal is whether the conveyance of the Baldwin Park property is void as based upon unlawful consideration. By way of argument appellant says: ''If we are to believe the respondent Field when he states that he paid no consideration for the Baldwin Park property, but that the deceased conveyed him the said property because she

was fond of him, then we must conclude that the consideration therefor was said respondent's promise to marry the deceased, still a married woman. Therefore, such consideration, being unlawful, the said property should be restored to the estate of the deceased.'' Respondent Field did testify that he considered himself engaged to the deceased since on or about February 12, 1938, and that he thought she conveyed the property to him because she was fond of him. But this testimony is no basis for the inference that Field procured the conveyance upon a consideration of marriage. The respondent Field and Edna E. Rypka may have been engaged to be married, but there is not the slightest intimation in the evidence that marriage was contemplated as a consideration for the transfer of the real property in question. As likely as not, the transfer was made for the reason given by Field, namely, that the deceased was fond of him, and if it were made for that reason it would conform to the pattern of a gift. It would be a voluntary transfer, and no consideration would be necessary to its validity. (Civ. Code, sec. 1040.) The execution and delivery of the deed was the free and voluntary act of the deceased. She was of sound mind and not acting under duress, menace, fraud or undue influence of any person at the time of the execution and delivery of the deed. In these circumstances, there being no attempt to defraud anyone, the deceased had a perfect right to make a present of her property to respondent if she so desired.

The second question raised by appellant is: ''Was the action of the deceased in conveying the Flower Court Apartments to respondent Field just prior to her death, tantamount to an attempt to make testamentary disposition by deed?'' The evidence answers this question with an emphatic ''No''. It shows without contradiction that Edna E. Rypka handed the deed to respondent Field in the presence of her two nieces and said to him: ''This is your property from now on,'' and later she told Mrs. Hager that Mr. Field would thereafter collect the rents. The character of this disposition was anything but testamentary. It was an unequivocal, absolute disposition effective immediately. There were no conditions attached to the delivery of the deed. The language used by the deceased when she handed the deed to respondent indicates unmistakably her intention to pass title to Field and to divest herself of same not at some future time, but presently. It, like the other disposition, was a gift based, if we will, upon ''fond-

ness,'' but nevertheless a voluntary disposition of her property, and in such a manner as she had a right to make.

The third point urged by appellant is: ''Did the Court prejudice the rights of appellant by continuing the case thirty days after all evidence had been submitted for the purpose of allowing respondent Field to secure written waivers to said property from the heirs, excepting the husband, and then refusing to allow appellant's counsel to cross-examine said respondent as to whether or not the said waivers had been secured by him upon his representation to the said heirs that the deceased had conveyed the said property in trust to him by deed just prior to her death for the purpose of having him reconvey the same to her said heirs, excluding her husband, should she die, thereby avoiding testamentary disposition thereof?''

The obvious answer to this question is that no substantial rights of appellant were prejudiced by the continuance, the admission in evidence of the waivers, or the refusal to allow cross-examination, for the plain reason that the whole matter of the waivers was immaterial to the issues of the case. The court had already decided that appellant was not entitled to any relief, and it could not affect appellant one way or the other how the waivers were procured or whether waivers were obtained or not. The court, upon the evidence, could have decided in favor of respondent, regardless of the waivers from the heirs. If we should suppose for the moment that Field did make the representations to the heirs as contended by appellant, would this have any bearing on what the deceased did respecting the grants? The answer, of course, is ''No.'' It would raise a collateral issue, and it is settled that a party may not cross-examine his adversary's witness on matters irrelevant to the issues. The introduction of irrelevant evidence by one side does not justify the introduction of further irrelevant evidence by the other.

Appellant has attempted to appeal from an order denying motion for new trial. No appeal lies from such an order and the appeal therefrom is dismissed.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.